IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| CLEOTIS R. JONES, | ) |
|     Plaintiff, | ) |
| vs. | ) Cause No.: |
| MICHIGAN PRODUCE HAULERS, | ) |
|     <u>Serve:</u>  Todd A. Gilliland<br>              1340 Locust Street<br>              Fremont, MI 49412 | ) **JURY TRIAL DEMANDED** |
| KEITH SPRAGUE, | ) |
|     <u>Serve:</u>  Keith Sprague<br>              1123 Broadway Drive<br>              NW Room 3<br>              Grand Rapids, MI | ) |
|     Defendants. | ) |

## COMPLAINT FOR DAMAGES

Plaintiff Cleotis R. Jones ("Plaintiff Jones"), through counsel, The Goss Law Firm, P.C., states as follows for his Complaint against Defendants Michigan Produce Haulers, Inc. and Keith A. Sprague:

1. This action seeks compensatory damages for injuries suffered by Plaintiff Cleotis R. Jones in a two-vehicle crash on January 8, 2020. On that date, Plaintiff Jones was a restrained driver in a car he was operating on Interstate 44 in Jasper County, Missouri. Defendant Keith Sprague ("Defendant Sprague"), an agent and servant of Defendant Michigan Produce Haulers, Inc. ("Defendant Michigan Produce") acting through the course and scope of his employment, was likewise operating a vehicle on Interstate 44. A crash occurred when Sprague's Peterbilt Motors

Model 379 truck rear ended Jones' Dodge Caravan, knocking it across the roadway into the median cable.

I. **PARTIES**

2. Plaintiff Cleotis Jones is a citizen and resident of the State of Missouri. He resides in Kansas City, Jackson County, Missouri.

3. Defendant Michigan Produce is a foreign corporation with its principal place of business in the State of Michigan that conducts business in the State of Missouri and other states as an interstate motor carrier subject to Federal Motor Carrier Safety Regulations promulgated by the Federal Motor Carrier Safety Administration, U.S. Department of Transportation and is located at the above address.

4. Defendant Sprague is a citizen and resident of the State of Michigan located at the above address.

II. **JURISDICTION, VENUE AND CONDITIONS PRECEDENT**

5. Jurisdiction is proper due to diversity of citizenship and the amount in controversy exceeds $75,000.00.

6. Venue is proper under 28 U.S. Code § 1391(b)(2) as this is the judicial district in which a substantial part of the events giving rise to the claim occurred.

7. Divisional venue is proper under Missouri Local Rule 3.2.

III. **FACTS COMMON TO ALL COUNTS**

8. On January 8, 2020, the Plaintiff was a driver travelling eastbound on Interstate 44 Jasper County, Missouri.

9. At that time, Defendant Sprague was operating a Peterbilt Motors' Model 379, a semi-truck.

10. At that time, Defendant Sprague rear-ended the automobile driven by Plaintiff Jones causing his vehicle to propel across the roadway into the median cable.

11. As a result of the crash, Plaintiff Jones suffered significant injuries.

## COUNT I

### (Defendant Michigan Produce)

12. Plaintiff realleges and incorporates those previous paragraphs as though fully set forth herein.

13. This crash was the direct result of the negligence of the Defendant Michigan Produce, acting through its agents, servants, or employees, individually or in combination, in one or more of the following respects:

    a) Its driver failed to keep a careful lookout;

    b) Its driver failed to stop, swerve, slacken speed, and/or sound a warning prior to the incident;

    c) Its driver failed to avoid the car crash;

    d) Its driver failed keep a safe distance;

    e) Its driver knew or by the use of the highest degree of care could have known that there was a reasonable likelihood of a collision in time to have swerved, but failed to do so;

    f) Defendant Michigan Produce employed Sprague when it knew or could have known that he was not reasonably fit to safely operate a tractor-trailer; and

    g) Various other and further particulars of negligence that will become known throughout the course of further investigation and/or discovery.

14. As a direct result of the negligent conduct of Michigan Produce in one or more of these respects, the Plaintiff suffered physical injuries to his head, neck, back, and body as a whole which have required medical treatment; he has suffered pain of the mind and body and will

continue to suffer significant pain of mind and body permanently; he has sought and received medical care and attention and will continue to receive medical care and attention; he has incurred medical expenses and will continue to incur medical expenses; he has suffered significant disability and will continue to suffer significant disability; all to his damage.

WHEREFORE Plaintiff prays for judgment against Defendants in a sum in excess of TWO MILLION DOLLARS ($2,000,000) exclusive of costs and interest, as is fair and reasonable to compensate Plaintiff for his injuries, plus aggravated (punitive) damages, and Missouri prejudgment interest and post-judgment interest, and for such other relief this Court deems just and proper under the circumstances.

## **COUNT II**

### **(Defendant Sprague)**

15. Plaintiff realleges and incorporates those previous paragraphs as though fully set forth herein.

16. This crash was the direct result of the negligence of Defendant Sprague in one or more of the following respects:

    a) He failed to keep a careful lookout;

    b) He failed to stop, swerve, slacken speed, and/or sound a warning prior to the incident;

    c) He failed to avoid the car crash;

    d) He failed keep a safe distance;

    e) He knew or by the use of the highest degree of care could have known that there was a reasonable likelihood of a collision in time to have swerved, but failed to do so; and

      f)       Various other and further particulars of negligence that will become known throughout the course of further investigation and/or discovery.

17f.     As a direct result of the negligent conduct of the Defendant Sprague in one or more of these respects, in one or more of these respects, the Plaintiff suffered physical injuries to his head, neck, back, and body as a whole which have required medical treatment; he has suffered pain of the mind and body and will continue to suffer significant pain of mind and body permanently; he has sought and received medical care and attention and will continue to receive medical care and attention; he has incurred medical expenses and will continue to incur medical expenses; he has suffered significant disability and will continue to suffer significant disability; all to his damage.

WHEREFORE Plaintiff prays for judgment against defendants in a sum in excess of TWO MILLION DOLLARS ($2,000,000) exclusive of costs and interest, as is fair and reasonable to compensate plaintiff for his injuries, plus aggravated (punitive) damages, and Missouri prejudgment interest and post-judgment interest, and for such other relief this Court deems just and proper under the circumstances.

**A jury trial is hereby demanded.**

Respectfully submitted,

**THE GOSS LAW FIRM, P.C.**

*/s/Peter E. Goss*

Peter E. Goss     MO #57933
Anne M. Marchael   MO #65405
1501 Westport Rd.
Kansas City, MO 64111
Phone: (816) 527-8658
Fax:   (816) 336-1310
E-mail: pgoss@goss-lawfirm.com
**ATTORNEYS FOR PLAINTIFF**